United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSA BALDERAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00255 |
| | § | |
| DENIS MCDONOUGH, SECRETARY OF | § | |
| THE UNITED STATES DEPARTMENT | § | |
| OF VETERANS AFFAIRS | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING IN PART AND REJECTING IN PART
### MEMORANDUM AND RECOMMENDATION
### AND GRANTING SUMMARY JUDGMENT

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 21).

On May 7, 2024, United States Magistrate Judge Julie K. Hampton issued a Memorandum

and Recommendation (M&R, D.E. 29), recommending that Defendant's motion be granted

in part and denied in part. Defendant timely filed his objections (D.E. 30) on May 21,

2024. Plaintiff neither objected nor replied to Defendant's objections. For the reasons set

out below, the Court grants the motion for summary judgment (D.E. 21) in its entirety.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's

disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections

must specifically identify those findings objected to. Frivolous, conclusive or general

objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## INTRODUCTION

While the M&R does not summarize its recommendations on a claim-by-claim basis, the body of the analysis reveals the following recommended dispositions:

- Grant summary judgment against Plaintiff and dismiss the Title VII race and national origin discrimination claims. Plaintiff has raised a disputed issue of material fact to preclude summary judgment on Defendant's only challenge to her prima facie case. But Defendant has proffered legitimate, nondiscriminatory reasons for his actions, which Plaintiff failed to negate as pretextual;

- Grant summary judgment against Plaintiff and dismiss the hostile work environment claim because Plaintiff has failed to demonstrate that the conduct she complains of was sufficiently severe or pervasive as to alter the terms or conditions of her employment;

- Deny summary judgment on the Age Discrimination in Employment Act (ADEA) and Rehabilitation Act (RA) claims. Plaintiff has raised a disputed issue of material fact to preclude summary judgment on Defendant's challenge to her prima facie case. And Defendant did not raise the legitimate, nondiscriminatory reasons for his actions in defense against these particular claims; and

- Grant summary judgment against Plaintiff and dismiss the retaliation claim because Plaintiff has not demonstrated that she engaged in protected conduct.

2 / 7

As there are no objections to the portions of the M&R recommending the grant of summary judgment and dismissal of the Title VII discrimination, hostile work environment, and retaliation claims, those recommendations are adopted. At issue is whether the Court should also grant summary judgment and dismiss the remaining ADEA and RA claims.

## DISCUSSION

Defendant first objects because the Magistrate Judge failed to apply his legitimate, nondiscriminatory basis defense to eliminate the ADEA and RA age and disability discrimination claims. D.E. 30, pp. 3-5. More specifically, Defendant challenges the M&R's concern that doing so would be to render summary judgment sua sponte. D.E. 29, pp. 26 (citing *Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 632 (5th Cir. 2004)). That is because Defendant's briefing on his legitimate, nondiscriminatory reasons was offered in connection with the Title VII claims, and not specifically in connection with the ADEA and RA claims.

Defendant argues that *Baker* (and the authority on which it relies) is no longer good law with respect to its technical application of summary judgment procedure. D.E. 30, p. 3 (citing *Jones v. Fam. Dollar Stores of La., Inc.*, 746 F. App'x 348, 352 (5th Cir. 2018)). The Court agrees. Federal Rule of Civil Procedure 56(f) specifically allows for summary judgment to be granted on grounds not raised or on material facts that are not in dispute after the nonmovant has had an opportunity to address the fact. *Jones*, *supra*.

> The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Here, Plaintiff had a full and fair opportunity to demonstrate that Defendant's defense—legitimate, nondiscriminatory reasons for his actions—was pretextual or otherwise not credible. The same incentive to negate the defense applies, whether the claim of discrimination is based on age, disability, race, or national origin. To hold otherwise is to suggest that an employment action is legitimate and nondiscriminatory as to one protected trait even if it is discriminatory on the basis of another protected trait. And that is not consistent with the nature of the defense. The issue is whether the employment action is based on the employee's work record and not on some unrelated basis. If it is discriminatory on a protected trait not raised by the pleadings, then that is a reason to find that it is not "legitimate."

According to the M&R's analysis, Defendant's actions were legitimate and nondiscriminatory because they were based on work performance issues. D.E. 29, p. 19. "[T]he VA asserts and presents evidence that Balderas's proposed termination was due to unsatisfactory work performance and mistakes. This is supported by Myers's affidavit, Theriot's affidavit, and a copy of the training plan itself. Poor work performance is a legitimate, non-discriminatory reason for an adverse action." *Id.* (citations omitted). This

conclusion does not leave room for the assertion that she exhibited poor work performance with respect to a race and national origin discrimination claim, but was nonetheless proficient and might have been discriminated against on the basis of age and disability.

Plaintiff had a full and fair opportunity to overcome Defendant's claim of a legitimate, nondiscriminatory basis for the employment action (regardless of discrimination theory) in (a) responding to the summary judgment motion, (b) having an opportunity to object to the M&R, and (c) having time to reply to Defendant's objections to the M&R. She has failed to take advantage of all of those opportunities. And the efforts that she did make were insufficient. No additional notice is necessary before applying the legitimate, nondiscriminatory defense to the ADEA and RA claims.

The Court **SUSTAINS** the first objection and applies the M&R's determination of a legitimate, nondiscriminatory basis for Defendant's actions equally to the race, national origin, age, and disability discrimination claims. Therefore, the Court **GRANTS** the motion for summary judgment and **DISMISSES** the ADEA and RA claims.

Defendant also objects to the M&R's conclusion that Plaintiff raised a disputed issue of material fact regarding her prima facie case for the RA claim because there is no material inconsistency in the affidavit evidence and because it does not demonstrate discrimination. D.E. 30, p. 6. Because of the Court's ruling on the first objection, the Court need not, and does not, address this second objection on the merits. It is **OVERRULED** as moot.

Third, Defendant objects to the denial of the summary judgment motion on the ADEA claim because his legitimate, nondiscriminatory basis for his actions should preclude the claim.  D.E. 30, pp. 7-8.  This objection is part and parcel of the first objection, which the Court has sustained.  No additional analysis is required.  The Court **SUSTAINS** the third objection, as set out above.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** the first and third objections and **OVERRULES AS MOOT** the second objection. Consequently, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge with respect to the Title VII race and national origin discrimination, hostile work environment, and retaliation claims. The Court **REJECTS** the Magistrate Judge's conclusions on the ADEA and RA claims.  Pursuant to the foregoing analysis, Defendant's motion for summary judgment (D.E. 21) is **GRANTED** and the Court:

- **DISMISSES** the Title VII race and national origin discrimination claims because Defendant has proffered legitimate, nondiscriminatory reasons for his actions, which the Plaintiff failed to negate as pretextual;

- **DISMISSES** the hostile work environment claim because Plaintiff has failed to demonstrate that the conduct she complains of was sufficiently severe or pervasive as to alter the terms or conditions of her employment;

- **DISMISSES** the ADEA and RA claims because Defendant has proffered legitimate, nondiscriminatory reasons for his actions, which the Plaintiff failed to negate as pretextual; and

- **DISMISSES** the retaliation claim because Plaintiff has not demonstrated that she engaged in protected conduct.

This Order disposes of all of Plaintiff's claims and this action is **DISMISSED WITH PREJUDICE** in its entirety.

    **ORDERED** on May 31, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE